IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**TERRANCE HEIGHT (1), RODRIQUEZ HAMM (2), and ZANANII HOSANG (3),**<br><br> *Defendants.* | **CRIMINAL ACTION NO.**<br>**3:26-cr-00008-TES-CHW-1**<br>**3:26-cr-00008-TES-CHW-2**<br>**3:26-cr-00008-TES-CHW-3** |

**ORDER GRANTING MOTION TO CONTINUE TRIAL
IN THE INTEREST OF JUSTICE**

On May 13, 2026, the Grand Jury returned an indictment against three individuals: Defendant Terrance Height, Defendant Rodriquez Hamm, and Zananii Hosang. [Doc. 1].

In Count One, the Grand Jury charged all three defendants with Conspiracy to Commit Firearms Offenses in violation of 18 U.S.C. § 371 in connection with 18 U.S.C. §§ 922(a)(6) and 924(a)(2). [*Id.* at pp. 1–2]. In Count Two, the Grand Jury charged Defendant Height and Defendant Hamm with Engaging in the Business of Dealing in Firearms Without a License in violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a), 924(a)(1)(D), and 18 U.S.C. § 2. [*Id.* at p. 8]. Then, from Counts Three to Forty-Three, the Grand Jury charged Defendant Height with counselling, inducing, procuring, aiding and abetting Defendant Hamm in making False Statements During the Purchase of a Firearm in

violation of 18 U.S.C. §§ 922(a)(6), 924(a)(2), and 18 U.S.C. § 2. [*Id.* at pp. 8–9]. In Counts Forty-Four to Fifty-Six, the Grand Jury charged Defendant Height with counselling, inducing, procuring, aiding and abetting Defendant Hosang in making False Statements During the Purchase of a Firearm in violation of 18 U.S.C. §§ 922(a)(6), 924(a)(2), and 18 U.S.C. § 2. [*Id.* at pp. 12–13]. Lastly, in Count Fifty-Seven, the Grand Jury charged Defendant Height and Defendant Hosang with Interstate Travel with Intent to Engage in Firearms Trafficking in violation 18 U.S.C. § 924(n) and 18 U.S.C. § 2, and in Count Fifty-Eight, the Grand Jury charged Defendant Height with Transferring a Firearm to an Out-of-State Resident in violation of 18 U.S.C. §§ 922(a)(5) and 924(a)(1)(D). [*Id.* at p. 13].

On May 27, 2026, the Court scheduled a pretrial conference for this case to be held on June 3, 2026. [Doc. 38]. With that, trial would begin on July 27, 2026.

Before the Court is an unopposed motion to continue trial in the interests of justice filed by Defendant Hamm. [Doc. 39]. At his arraignment, Defendant Hamm pled not guilty on May 20, 2026, and he is currently released on bond pending trial. [Doc. 31]; [Doc. 32]; [Doc. 33]. As grounds for a continuance, Defendant Hamm states that additional time is needed to receive and review the government's discovery to determine whether pretrial motions need to be filed or whether "conversations regarding plea negotiations" need to take place. [*Id.* at p. 2]. Counsel for the government does not oppose a continuance. [*Id.*].

While the grant of a continuance is left to the sound discretion of the trial judge,

*United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the Court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). However, the Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* at § 3161(h)(7)(A). In granting such a continuance, the Court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* at § 3161(h)(7)(B)(iv).

Since, for the reasons stated above, failure to grant a continuance would likely result in a miscarriage of justice, *id.* at § 3161(h)(7)(B)(i), it is **ORDERED** that Defendant Hamm's unopposed motion to continue trial is **GRANTED,** and the trial of this case is **CONTINUED** to *August 24, 2026*, in Athens, Georgia. Since no motion for severance has been granted in this case with respect to Defendant Height and Defendant Hosang, and "the time for trial has not run" with respect to either of those defendants, the Court continues their trial date from July 27, 2026, to August 24, 2026, as well. *Id.* at § 3161(h)(6). The pretrial conference date for trials beginning on August 24, 2026, is *July 8,*

*2026*. The delay occasioned by this continuance shall be deemed excludable pursuant to

18 U.S.C. § 3161(h)(7)(A).

SO ORDERED, this 28th day of May, 2026.

*S/ Tilman E. Self, III*

TILMAN E. SELF, III
UNITED STATES DISTRICT JUDGE

4