IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TERRANCE HEIGHT (1), RODRIQUEZ HAMM (2), and ZANANII HOSANG (3),<br><br>    *Defendants.* | CRIMINAL ACTION NO.<br>**3:26-cr-00008-TES-CHW-1**<br>**3:26-cr-00008-TES-CHW-2**<br>**3:26-cr-00008-TES-CHW-3** |

## ORDER GRANTING SECOND MOTION TO CONTINUE TRIAL IN THE INTEREST OF JUSTICE

On May 13, 2026, the Grand Jury returned an indictment against three individuals: Defendant Terrance Height, Defendant Rodriquez Hamm, and Defendant Zananii Hosang. [Doc. 1]; *see also* [Doc. 40, pp. 1–2 (discussing each defendant's respective charges)]. On June 5, 2026, the Court scheduled a pretrial conference for this case to be held on July 8, 2026. [Doc. 48]. With that, trial would begin on August 24, 2026.

Before the Court is Defendant Hamm's second unopposed motion to continue trial in the interests of justice. [Doc. 40]. As grounds for another continuance, Defendant Hamm states that additional time is needed to receive and review the government's discovery and meet with the government regarding plea negotiations. [*Id.* at p. 2]. Counsel for the government does not oppose a continuance. [*Id.*].

While the grant of a continuance is left to the sound discretion of the trial judge, *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the Court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). However, the Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* at § 3161(h)(7)(A). In granting such a continuance, the Court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* at § 3161(h)(7)(B)(iv).

Since, for the reasons stated above, failure to grant a continuance would likely result in a miscarriage of justice, *id.* at § 3161(h)(7)(B)(i), it is **ORDERED** that Defendant Hamm's second unopposed motion to continue trial is **GRANTED**, and the trial of this case is **CONTINUED** to *October 26, 2026*, in Athens, Georgia. Since no motion for severance has been granted in this case with respect to Defendant Height and Defendant Hosang, and "the time for trial has not run" with respect to either of those defendants, the Court continues their trial date from August 24, 2026, to October 26,

2026, as well. *Id.* at § 3161(h)(6). The pretrial conference date for trials beginning on

October 26, 2026, is *September 2, 2026*. The delay occasioned by this continuance shall

be deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A).

    **SO ORDERED**, this 25th day of June, 2026.

                 *S/ Tilman E. Self, III*

                 **TILMAN E. SELF, III**

                 **UNITED STATES DISTRICT JUDGE**